UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELLA DENISE BLACK,

    Plaintiff,

v.                                                                                  Case No. 04-73611

DEPARTMENT OF HOMELAND                              Honorable Patrick J. Duggan
SECURITY and THOMAS J. RIDGE,
SECRETARY,

    Defendants.
_____/

**OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS**

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on November 18, 2005.

    PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

On December 21, 2004, *pro se* Plaintiff Della Denise Black filed suit against Defendants the Department of Homeland Security and Thomas J. Ridge. The lawsuit followed Plaintiff's receipt of an adverse decision from the U.S. Equal Employment Opportunity Commission's Office of Federal Operations ("OFO"), dated June 16, 2004, which Plaintiff alleges was "in error/incorrect, bias[ed], and with prejudice." (Pl.'s Compl. at 1). On September 2, 2005, Defendants filed a motion to dismiss. On September 26, 2005, Plaintiff filed a response.

**I.   Background**

Plaintiff was a Supervisory Deportation Officer, GS-13, in the U.S. Department of Justice, Immigration and Naturalization Service (INS).  On March 26, 1999, Plaintiff received a Notice of Proposed Removal from her position, and effective March 29, 1999, she was transferred to the Border Patrol Office at the Selfridge Air National Guard Base.  On May 11, 1999, Plaintiff filed an Equal Employment Opportunity (EEO) complaint against the INS contending that these decisions were based on unlawful discrimination.

On July 1, 1999, Plaintiff was issued a Notice of Removal from her position as Supervisory Deportation Officer.  In that July 1, 1999 letter, Plaintiff was advised that she could challenge her termination before *either* the U.S. Merit Systems Protection Board (MSPB) or file a complaint with an Equal Employment Opportunity (EEO) Counselor within 45 days.

On October 29, 1999, Plaintiff appealed to the MSPB.  (*See* Def.'s Mot. Ex. 1, *Della Denise Black v. Dep't of Justice*, 87 M.S.P.R. 545 (2001)).  Upon receiving an adverse ruling from the MSPB, Plaintiff sought rehearing on January 3, 2000.  On February 7, 2001, the MSPB issued a Final Opinion and Order dismissing Plaintiff's appeal as untimely.  On April 5, 2001, Plaintiff filed a petition for review of the decision of the MSPB in the Court of Appeals for the Federal Circuit.  The Court of Appeals affirmed the MSPB's dismissal of her appeal as untimely filed.  (*See* Def.'s Mot. Ex. 2, *Della Denise Black v. Merit Systems Protection Board*, 25 Fed. Appx. 956 (2001)).

However, as previously indicated, Plaintiff, on May 11, 1999, had filed an EEO complaint, which complained of discrimination in the proposed notice of removal and

being transferred to Selfridge Air National Guard Base. On July 12, 2001, the Department of Justice rendered its decision, finding that Plaintiff was not discriminated against when she was given the proposed notice of removal and when she was transferred to Selfridge. In its decision, the Department of Justice also dealt with Plaintiff's EEO complaint that the July 1, 1999 decision to remove Plaintiff from the district director position was based on unlawful discrimination. The decision advised that she had a right to appeal the decision to the MSPB within 30 days, ***or alternatively***, a right to file a civil action in the appropriate U.S. district court within 30 days.

On September 11, 2001, Plaintiff filed a complaint in this Court (Case No. 01-CV-73400), asking the Court to "set aside" the Department of Justice's final decision of July 12, 2001. This Court dismissed all claims relating to Plaintiff's removal. (Def.'s Mot. Ex. 3, *Della Denise Black v. Dep't of Justice, et al.*, No. 01-CV-73400 (Dec. 18, 2001)).

In the meantime, on January 17, 2001, Plaintiff had filed another complaint in this Court (Case No. 01-CV-70123-DT). The complaint alleged that, based on unlawful discrimination, Plaintiff received an unsatisfactory rating and was placed on a performance improvement plan ("PIP") on April 8, 1998. Plaintiff's complaint appealed the Department of Justice final decision which found no unlawful discrimination with respect to Plaintiff's rating and PIP placement. On April 11, 2002, this Court held a bench trial on these issues. The Court found no cause of action on any of the claims and entered a Judgment dismissing the complaint. (Def.'s Mot. Ex. 4). Plaintiff filed an appeal with the Sixth Circuit Court of Appeals. This appeal was dismissed on July 1, 2003, for want of prosecution. (Def.'s Mot. Ex. 5).

On August 11, 2002, Plaintiff filed a formal EEO complaint, No. I-03-EO16,[1] alleging "discrimination based on race, sex, prior EEO activity/reprisal, including Whistle-blowing, Disparate Treatment, and Harassment." (Compl. at 3). In a decision dated June 16, 2004, the OFO affirmed the dismissal of Plaintiff's complaint by the Administrative Judge and the agency's subsequent adoption of the Administrative Judge's ruling. Specifically, the decision noted, "[t]he action complained of occurred on April 11, 2002, and pertained to testimony given by an agency official in United States District Court on an earlier EEO complaint filed by complainant." (Pl.'s Compl., Ex. A, OFO decision). The OFO agreed with the Administrative Judge's determination that the EEOC did not have jurisdiction over Plaintiff's complaint. (*Id.*). The decision informed Plaintiff that she had 90 days to file a civil action if she was not satisfied with the OFO's decision, *see* 42 U.S.C. § 2000e-16(c). The present lawsuit followed.

## II.   Standard of Review

A Rule 12(b)(6) motion tests the legal sufficiency of the plaintiff's complaint. *Scheid v. Fanny Farmer Candy Shops Inc.*, 859 F.2d 434, 436 n.1 (6th Cir. 1988). When deciding the motion, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996). "A judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Columbia*

---

[1] The Court has not been provided with a copy of EEO Complaint No. I-03-EO16.

4

*Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Id.*

### III. Discussion

Defendants contend that most of the issues raised in Plaintiff's EEO Complaint No. I-03-EO16 have already been adjudicated. For example, Plaintiff states, in her Complaint before this Court, that she was "**denied** any investigation into the termination of employment." (Compl. at 8 (emphasis in original)). However, as noted above, this Court dismissed all claims relating to Plaintiff's removal in a prior action. (Def.'s Mot. Ex. 3, *Della Denise Black v. Dep't of Justice, et al.*, No. 01-CV-73400 (Dec. 18, 2001)).

Plaintiff contends that she raised a number of issues in EEO Complaint No. I-03-EO16 which were not addressed in the OFO's June 16, 2004 decision. In her Complaint, Plaintiff spends a significant amount of time discussing her prior EEO complaints and the prior litigation before this Court in an attempt to provide this Court with background information. Her Complaint, however, alleges that: (1) the Commission failed to investigate the allegation contained in Plaintiff's EEO Complaint No. I-03-EO16 that on April 11, 2002, during a bench trial in this Court, Kim Ogden lied under oath when she stated that no EAP evaluation was conducted of any other program manager or department because there were no performance problems (Compl. at 9); and (2) that Plaintiff has not yet received a decision on her Grievance filed on February 8, 1999 (Compl. at 10). The Court will address each of these claims separately.

First, Plaintiff admits that the OFO's June 16, 2004 decision *addressed* her

5

complaint about Ogden's testimony; Plaintiff contends, however, that the OFO failed to thoroughly investigate Plaintiff's complaint. At the outset, this Court must address the timeliness of Plaintiff's claim regarding Ogden's testimony, which was raised in Plaintiff's Complaint filed on December 21, 2004.  42 U.S.C. § 2000e-16(c) provides that an employee may bring a civil action for redress of grievances within 90 days of "receipt of final action taken by a department, agency, or unit."  In her Complaint, Plaintiff contends that she received the OFO's June 16, 2004 decision on June 19, 2004.  (Compl. at 1).  Although Plaintiff's Complaint is stamped "received on September 16, 2004," because Plaintiff simultaneously submitted an application to proceed *in forma pauperis*, which was not granted until December 21, 2004, Plaintiff's Complaint was not *filed* until December 21, 2004– over six months after her receipt of the decision.  The Sixth Circuit has held that "it is proper for a district court to deem a complaint 'filed' only when IFP [*in forma pauperis*] status is granted or the appropriate filing fee is paid, rather than at the time a complaint is delivered to the clerk of a court."  *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998).  Thus, Plaintiff's Complaint was not timely filed.

     However, courts have held that the 90 day time limitation in Title VII cases is not jurisdictional and therefore, equitable tolling is available.  *See, e.g.*, *Truitt*, 148 F.3d at 648.  In general, courts will toll the 90 day time period during the pendency of a plaintiff's application to proceed *in forma pauperis*.  *Id.*  In this case, because Plaintiff delivered her Complaint to the clerk of the court less than 90 days after she received the OFO's final decision, the Court believes that equitable tolling should apply to toll the 90 day time period during the pendency of Plaintiff's *in forma pauperis* application.

6

Defendants ask the Court to dismiss Plaintiff's claim regarding the April 11, 2002 testimony of Ogden in Case No. 01-CV-70123-DT, because the EEOC has no jurisdiction to hear claims relating to whether a witness lied at a trial in the district court. As of April 11, 2002, Plaintiff was no longer working for the INS.[2] Plaintiff has not provided the Court with, and the Court is unaware of, any case law or statute which provides that the EEOC has jurisdiction to address the alleged perjury of a witness in a district court case. Therefore, the Court agrees that this issue was not properly before the EEOC. Consequently, Plaintiff's allegations in her Complaint regarding Ogden's testimony are dismissed for failure to state a claim upon which relief can be granted.

Second, Plaintiff asserts that she has not yet received a decision on a Grievance she filed on February 8, 1999. According to her Complaint, this Grievance was based on "the **FINAL** Performance Rating dated January 25, 1999. (Pl.'s Compl. at 6 (emphasis in original)). Plaintiff contends that this Final Performance Rating was issued in retaliation for Plaintiff's January 20, 1999 EEO Complaint No. I-99-EO49. (Compl. at 5). According to Plaintiff, the Final Performance Rating included "misleading information . . . in order to . . . justify the Final rating to be 'Unsuccessful/Unacceptable.'" (Compl. at 6). Plaintiff contends that:

> EEO Complaint No. I-03-EO16 included Complainant's complaint of not receiving a decision from the grievance. Still, as of this date, the agency has refused to provide a decision relating to the grievance.

---

[2] Per Sections 441 and 1512 of the Homeland Security Act of 2002, Pub. L. No. 107-276, on March 1, 2003, the INS's authorities, responsibilities, and liabilities were assumed by the newly-created Department of Homeland Security. Plaintiff was not an employee of the Department of Homeland Security.

7

* * *

> The Commission . . . chose to deliberately ignore[] the grievance complaint that was a part of this EEO Complaint I-03-EO16. They did not address it in their decision and [the] agency's wrongdoings outlined in the grievance continues to go unreported and not investigated.

(Compl. at 7).

Title VII requires a plaintiff to file a timely charge with the EEOC before bringing suit in federal court. *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 798, 93 S. Ct. 1817, 1822 (1973). 42 U.S.C. § 2000e-5(c) provides, in part, "[a] charge filed under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . ." In this case, Plaintiff's Grievance was based on her Final Performance Rating of January 25, 1999. Plaintiff did not file a charge with the EEOC until August 11, 2002, when she filed EEO Complaint No. I-03-EO16. Therefore, Plaintiff's charge was not timely and shall be dismissed.[3]

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss is **GRANTED**

                                       s/PATRICK J. DUGGAN
                                       UNITED STATES DISTRICT JUDGE

Copies to:

---

[3] The 180 day filing requirement is not a jurisdictional requirement and, therefore, equitable considerations may toll the requirement. *Morgan v. Washington Mfg. Co.*, 660 F.2d 710, 711 (6th Cir. 1981). However, equitable tolling is available only in compelling cases which justify a departure from established procedures. *See Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989). In this case, Plaintiff has not presented the Court with evidence of any basis for equitable tolling.

Geneva S. Halliday, AUSA

Della Denise Black-Gates
Warren, MI 48089